IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ROBERT VAN LANINGHAM, on Behalf of Himself and All Others Similarly Situated, | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. 4:17-cv-55 |
| v. | § § § § | |
| NEXIUS SOLUTIONS, INC. d/b/a NEXIUS, INC. and MARK BAYSINGER, | § § § | JURY TRIAL DEMANDED COLLECTIVE ACTION |
| Defendants | § | |

## PLAINTIFF' ORIGINAL COMPLAINT & JURY DEMAND

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff, ROBERT VAN LANINGHAM, and All Others Similarly Situated ("Plaintiff"), file this Original Complaint against Defendants NEXIUS SOLUTIONS, INC. d/b/a NEXIUS, INC. ("Nexius") and MARK BAYSINGER ("Defendants") and respectfully argues as follows:

### I. SUMMARY

1.    Plaintiff brings this action to recover overtime compensation, minimum wages and other wages, liquidated damages, attorney's fees, litigation expenses, costs of court, pre-judgment and post-judgment interested and injunctive relief under the provisions of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

2.    Plaintiff Robert Van Laningham, and other similarly situated individuals, are non-exempt employees who worked more than forty (40) hours in a workweek as construction managers for Nexius.

3.    Defendants violated the FLSA by failing to pay their employees, including Plaintiff, time

and one-half for each hour worked in excess of forty (40) per work week. The FLSA requires non-exempt employees to be compensated for overtime work at the mandated overtime wage rate. Accordingly, Plaintiff brings this collective action to recover unpaid overtime compensation under 29 U.S.C. § 206 and §216(b).

4. Upon information and belief, Defendants, likewise, did not pay proper overtime to other similarly situated workers throughout the United States. Plaintiff brings a collective action to recover unpaid overtime compensation owed to himself and on behalf of all other similarly situated employees, current and former, of Defendants. Members of the Collective Action are hereinafter referred to as "Class Members."

## II. PARTIES AND PERSONAL JURISDICTION

5. Plaintiff currently resides in Gloucester Virginia. Other similarly situated individuals reside throughout the United States. Plaintiff was an employee employed by Defendants within the meaning of the FLSA.

6. The Class Members are all of the Defendants' current and former employees who were compensated on a salary basis as construction managers tasked with the construction of cell phone towers throughout the United States during the three-year period prior to the filing of this Complaint up to the present. The Class Members are similarly situated employees who are/were not paid time and one-half for each hour worked in excess of forty (40) per work week.

7. Defendant Nexius, Plaintiff's employer, contracted with AT&T to construct and maintain various cell phone towers throughout the United States.

8. Defendant Nexius may be served with process by serving through its Registered Agent: CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

9. Defendant Mark Baysinger ("Mr. Baysinger") is an individual doing business on behalf of

Nexius. Mr. Baysinger is an employer under the FLSA and acted as such in relation to Plaintiff. Mr. Baysinger may be served with process at 2595 Dallas Parkway, Ste. 300, Frisco Texas 75034.

### III.     SUBJECT MATTER JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has diversity jurisdiction under 28 U.S.C § 1332.

11.     Venue is proper in the Northern District of Texas, Dallas Division because Defendants' registered place of business is located within this District.

### IV.     COVERAGE

12.     At all material times, Defendants have been an employer within the meaning of section 203(d) of the FLSA, which is defined to include any person acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203 (d).

13.     At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of section 203(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

14.     At all material times, Plaintiff and Class Members were employed in an enterprise engaged in commerce, or were engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

15.     Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard of $500,000.

16.     Defendants provided training to Plaintiff and Class Members, controlled and have knowledge of the hours to be worked by Plaintiff and Class Members, and directed the work of Plaintiff and Class Members. Defendants maintained communications with Plaintiff and Class Members and received updates as to the status of their work and controlled how each assigned task

was to be performed by Plaintiff and Class Members.

## V.   FACTS

17. Defendants construct, operate, and maintain cell phone towers on behalf of AT&T. Specifically, Mr. Baysinger is the President of Nexius and actively manages Nexius operations. He controls and has knowledge of Nexius' pay structure for Construction Managers.

18. Plaintiff and Class Members are and/or were employed as Construction Managers. As Construction Managers, Plaintiff and Class Members' primary duties include, but are not limited to, driving to and from worksites over vast distances, and collecting information and reporting findings to designated managers. Construction Managers are also expected to answer emails and take conference calls with management while driving long distances between worksites or delay very long travel, extending employee workdays several hours. Construction Managers regularly and routinely must and are expected to stay in motels and hotels on trips between worksites and expected to work 6 and 7 days a week.

19. Plaintiff and Class Members are forced between the choice of extending their work day by 2-3 hours each day to participate in conference calls that require the review of emails and texts, or attempt to participate in the conference calls during their daily, upwards of 8-12 hours of, commute. Such work conditions are unsafe even by Defendant Nexius' written policy, yet supervisors still require checking of emails during Plaintiff and Class Members' long commutes. Defendant has implemented work conditions and hours that push Construction Managers to the physical breaking point with no additional compensation for hours beyond 40 hours.

20. Construction Managers' primary duty is to inspect worksites and report to supervisors who hold decision making authority. Routine inspection duties do not require significant discretion or independent judgment and do not require specialized training or knowledge. Any decision to plan

or delay projects, budget, coordinate or pay is not within the discretion of Construction Managers.

21. During the relevant time period, Defendants compensated Plaintiff and Class Members with a flat salary. Plaintiff is paid this salary for any work completed during a week. However, Plaintiff and Class Members are regularly required to work on weekends at the sole discretion of a supervisor, and not paid for any additional time over 40 hours. For any hours over 40, Defendants failed to pay overtime in accordance with the FLSA. Construction Managers are required to work over 60 hours per week without receiving the required overtime compensation as mandated by the FLSA based on their effective rate pursuant to FLSA.

22. Plaintiff and Class Members were not paid an hourly rate when they worked for Defendants. Plaintiff and Class Members were misclassified as "exempt" workers under the FLSA when they worked for Defendants. Plaintiff and Class Members were misclassified as "independent contractors" when they worked for Defendants.

23. Plaintiff and Class Members were falsely classified as exempt for purposes of minimum wage overtime and were denied overtime compensation and guaranteed minimum wages. Plaintiff and Class Members were entitled to be paid minimum wages and overtime.

24. Plaintiff and Class Members should have been paid time and one-half their regular rates for all hours worked over 40 in a work week ("overtime compensation"). Plaintiff and Class Members were not paid overtime compensation or guaranteed minimum wages when they worked for Defendants as construction managers during the relevant time period.

25. Plaintiff and Class Members were regularly required to work six or 7 days each week.

26. Defendants' method of paying Plaintiff in violation of the FLSA was willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA.

## VI.     COLLECTIVE ACTION ALLEGATIONS

27.     Plaintiff has actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek and have been denied pay at the federally mandated minimum wage rate. Plaintiff has worked with other employees of Defendants who were paid pursuant to the method that fails to comply with the law.

28.     Other employees similarly situated to Plaintiff work or have worked for Defendants, but were not paid overtime at the rate of one and one-half times their regular rate when those hours exceeded forty (40) hours per workweek.

29.     Although Defendants permitted and/or required the Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty.

30.     The Class Members perform or have performed the same or similar work as the Plaintiff and regularly work or have worked in excess of forty (40) hours during a workweek. Similar to Plaintiff, Class Members are not exempt from receiving overtime at the federally mandated wage rate under the FLSA. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of overtime wage.

31.     Defendants' failure to pay overtime compensation at the wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members. The experiences of the Plaintiff, with respect to pay, are typical of the experiences of the Class Members.

32.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek and compensation for hours worked at the federally mandated minimum wage rate.

33. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

34. As such, the class of similarly situated Plaintiff are properly defined as follows:

*The Class Members are all of Defendants' current and former employees employed as Construction Managers and who were paid pursuant to a flat salary with no payment for hours worked beyond 40 hours before the filing of this Complaint up to the present.*

### VII. VIOLATION OF 29 U.S.C. § 206

35. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

36. Defendants' practice of failing to pay Plaintiff and Class Members minimum wage violates the FLSA. 29 U.S. C. § 206.

### VIII. VIOLATION OF 29 U.S.C. § 207

37. Plaintiff and Class Members incorporate all allegations contained in the foregoing paragraphs.

38. Defendants' practice of failing to pay Plaintiff and Class Members the time-and-a-half based on Plaintiff's regular rate of pay for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S. C. § 207.

39. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to the Defendants or the Plaintiff and Class Members.

### IX. WILLFUL VIOLATIONS OF THE FLSA

40. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced

by their failure to compensate Plaintiff and Class Members at the statutory overtime rate of one and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime pay would financially injure Plaintiff and Class Members.

41.   Upon information and belief, Defendant Nexius is a nationwide telecommunications network services company with revenues exceeding $1,000.000.00 annually.  As such, Defendants are a sophisticated business with the knowledge and expertise to know that the payment structure of the construction managers is impermissible under the FLSA.

42.   Plaintiff and Class Members request this Court permit recovery for any claims within the last three years from the filing of this suit. 29 USC § 255(a).

## X.   WAGE DAMAGES SOUGHT

43.   Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

44.   Plaintiff and Class Members are entitled to an amount equal to all of their unpaid minimum wages and overtime wages as liquidated damages. 29 USC § 216(b).

45.   Plaintiff and Class Members are entitled to recover attorney's fees and costs as required by the FLSA. 29 USC § 216(b).

## XI.   JURY DEMAND

46.   Plaintiff and Class Members hereby demand trial by jury on all issues.

## XII.   ATTORNEY FEES

47.   Plaintiff and Class Members are entitled to recover their reasonable attorney's fees, costs and expenses of this action as provided by the FLSA. 29 USC § 216(b).

## XIII.  PRAYER

48.   For these reasons, Plaintiff and Class Members respectfully request that judgment be

entered in their favor awarding the following relief:

a. Issuance of notice as soon as possible to all similarly situated employees of Defendants during any portion of the three years immediately preceding the filing of this lawsuit, informing them of their rights to participate in the lawsuit if they should so desire;

b. Award Plaintiff and Class Members unpaid overtime compensation for all hours worked over forty (40) hours in a workweek at the applicable time-and-a-half rate;

c. Award Plaintiff and Class Members an equal amount of unpaid wages as liquidated damages as required under the FLSA;

d. Award Plaintiff and Class Members reasonable attorney fees, costs, and expenses of this action as provided by the FLSA;

e. Award Plaintiff and Class Members prejudgment and post-judgment interest;

f. An order requiring Defendants to correct their pay practices going forward; and

g. Such other relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

THE VETHAN LAW FIRM, PC

By: /s/ Charles M. R. Vethan
Charles M.R. Vethan
State Bar No. 00791852
8700 Crownhill Blvd, Suite 302
San Antonio, Tx 78209
Telephone: (713) 526-2222
Facsimile: (713) 526-2230

ATTORNEY IN CHARGE FOR PLAINTIFF & CLASS MEMBERS

OF COUNSEL:
The Vethan Law Firm, P.C.
8700 Crownhill Blvd., Suite 302
San Antonio, Tx 78209
Telephone: (713) 526-2222
Facsimile: (713) 526-2230